

June 12, 2024

**VIA ECF**

Hon. Frederic Block
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

**Robert S. Shwarts**

E  rshwarts@orrick.com
D  +1 415 773 5760
F  +1 415 773 5759

Re:   *OZY Media, Inc. v. Benjamin Smith, et al.*, Case No. 23-cv-9412 (FB) (MMH)
      Pre-Motion Conference Pursuant to Rule 2(A)

Dear Judge Block:

Orrick represents Defendants Semafor, Inc. ("Semafor") and Benjamin Smith ("Ben Smith") in connection with the above-referenced action. In anticipation of the July 25, 2024 conference, we write to advise the Court about our expected motions to dismiss Plaintiff OZY Media, Inc.'s second amended complaint ("SAC"), ECF No. 38.

### *The SAC*

OZY is a defunct media company that alleges federal and state-law trade secret-misappropriation claims against Semafor and one of Semafor's co-founders, Ben Smith. SAC ¶¶ 203-229. OZY bases its trade-secret misappropriation claims on a theory of similarity. The SAC alleges that OZY and Semafor each targets a common audience and attracts advertisers, viewers, and investors in the competitive news field by engaging a diverse audience with curated multimedia content. OZY theorizes that Semafor and Ben Smith stole OZY's playbook on media engagement, which OZY alleges Ben Smith discovered while involved in Defendant Buzzfeed, Inc.'s acquisition talks with OZY years earlier. *See* SAC ¶¶ 2, 86-89, 162-179, 203-229. OZY brings a breach claim based on the NDA against Buzzfeed, but not against Semafor or Ben Smith. *See* SAC ¶¶ 230-37.

### *Motion to Dismiss for Failure to State a Claim*

Ben Smith and Semafor will move to dismiss the SAC for failure to state a claim on at least the following grounds: its failure to allege a protectible trade secret and its failure to allege reasonable measures to maintain secrecy. A federal trade-secret claim requires that a plaintiff



Hon. Frederic Block
June 12, 2024
Page 2

plausibly allege that a defendant possessed and misappropriated a trade secret.  But federal law confers trade secret protection only to information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information," and that "the owner … has taken reasonable measures to keep … secret."  18 U.S.C. § 1839(3).  The "elements for a [trade secret] misappropriation claim under New York law are fundamentally the same."  *Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc.*, 602 F. Supp. 3d 663, 671 (S.D.N.Y. 2022) (citation omitted).  The SAC fails to state a trade-secret claim against Semafor or Ben Smith under either federal or state law.

***No protectible trade secret.***  To begin, OZY fails to allege a protectible trade secret.  As the Second Circuit recently reiterated, "[t]he use of ... generalized business practices is not a secret, let alone a trade secret."  *TransPerfect Glob., Inc. v. Lionbridge Techs.*, Inc., No. 22-1348, 2024 WL 177726, at *4 (2d Cir. Jan. 17, 2024).  Yet that is all that OZY's so-called trade secrets are: ordinary business strategies well-known in the media industry that could easily be discerned and reverse-engineered by outsiders.  *See* SAC ¶¶ 162-179, 206-07, 212-13, 219, 220, 225-26.  This Court should reject OZY's efforts to improperly recast ordinary business strategies as trade secrets, just as courts within the Second Circuit routinely do when faced with such tactics.  *See, e.g., TileBar v. Glazzio Tiles,* No. 22-cv-3823, 2024 WL 1186567, at *16 (E.D.N.Y. Mar. 15, 2024) (concluding that "general business concepts and marketing strategies, such as recommendations concerning the use of branded assets, establishing target customer segments … [and] developing product partnerships" are not trade secrets); *Accenture LLP v. Trautman*, No. 21-cv-2409, 2021 WL 6619331, at *10 (S.D.N.Y. June 8, 2021) (similar).

***No plausible allegations of a trade secret.***  Even if strategies like OZY's could ever be protectible as trade secrets, OZY fails to plausibly allege sufficient facts to convert its business strategies into trade secrets.  A plaintiff must provide a court with enough information about the secret and how it derives economic value.  *See, e.g., Garvey v. Face of Beauty LLC*, 634 F. Supp. 3d 84, 96-97 (S.D.N.Y. 2022) (finding "trade secrets about running a business such as [Defendants']" and "website advertising and promotional items" to be "vague descriptions [that] do not suffice") (cleaned up); *Elsevier Inc. v. Doctor Evidence, LLC*, No. 17-cv-5540, 2018 WL 557906, at *6 (S.D.N.Y. Jan. 23, 2018) (similar).  OZY's conclusory and vague allegations fall well short of clearing those hurdles.

4150-5821-3200

Case 1:23-cv-09412-FB-MMH   Document 41   Filed 06/12/24   Page 3 of 4 PageID #: 414



Hon. Frederic Block
June 12, 2024
Page 3

*No reasonable measures to maintain secrecy.*  OZY's failure to adequately protect its business strategies supplies an independent basis for dismissing the claims against Semafor and Ben Smith.  A trade secret must be kept secret.  *Core SWX, LLC v. Vitec Grp. US Holdings, Inc.*, No. 21-cv-1697-JMA-JMW, 2022 WL 3588081, at *7 (E.D.N.Y. July 14, 2022).  To try to satisfy this standard, OZY cites primarily its nondisclosure agreement with Buzzfeed and vague allegations about confidentiality labels on unidentified documents.  *See* SAC ¶¶ 1, 7-8, 81-85, 208-210, 220-22.  But neither Semafor nor Ben Smith was party to this agreement and OZY's vague allegations about confidentiality labels do not lend plausibility to the notion that it adequately protected its supposed trade secrets.

*Anti-SLAPP Motion*

Ben Smith and Semafor will also move to dismiss OZY's claims as a strategic lawsuit against public participation ("SLAPP") under New York's anti-SLAPP law.  *See* N.Y. Civ. Rights Law §§ 70-a, 76-a.  Anti-SLAPP dismissals protect speech and publication rights, protecting defendants against lawsuits "characterized as having little legal merit but 'filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future.'" *Trump v. Trump*, 79 Misc. 3d 866, 872, 189 N.Y.S.3d 430, 435 (N.Y. Sup. Ct. 2023) (citation omitted).  That is precisely the case here.  OZY's SAC, although masquerading as a trade-secrets lawsuit, is one aimed at silencing Ben Smith and Semafor from continuing to speak freely on issues of public concern that they have covered for years—*see* SAC ¶¶ 14-20; 183-84; 189-199—namely, the downfall of OZY and the actions of its founder, Carlos Watson, who is currently facing a criminal fraud trial in this Court for his actions during his time at the helm of OZY, *see* SAC ¶¶ 185-88.

This Court should dismiss the claims against Ben Smith and Semafor in full.

4150-5821-3200



Hon. Frederic Block
June 12, 2024
Page 4

Respectfully submitted,


*/s/ Robert S. Shwarts*


Robert S. Shwarts
Catherine Y. Lui (*admitted pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
(415) 773-5700
rshwarts@orrick.com
clui@orrick.com


Attorneys for Defendants
SEMAFOR, INC. and BENJAMIN SMITH


cc:     All Counsel (via ECF)